CASE 39—PETITION ORDINARY—MAY 1.

# Downing v. Mason County.

APPEAL FROM MASON CIRCUIT COURT.

COUNTY NOT LIABLE FOR A TORT.—A county is not liable for an injury arising either from its mere neglect or from its positive act, unless the liability is imposed by statute, either expressly or by necessary implication.

In this case it is held that a county is not liable for an injury caused by the flooding of adjacent premises in the erection of a county jail, there being no statute in this State giving a right of action against a county for the neglect or wrongful acts of its officers.

COCHRAN & SON AND T. C. CAMPBELL FOR APPELLANT.

A county may be held liable for a tort. (May v. Mercer County Court, 30 Fed. Rep., 246.)

L. W. ROBERTSON & E. WHITTAKER FOR APPELLEE.

There is no liability on a county for a tort except by provision of a statute. (Wheatley v. Mercer, 9 Bush, 704; Brabham v. Supervisors of Hinds Co., 28 Am. Rep., 352; Wood v. Tipton, 32 Am. Rep., 561; White v. Commissioners, 47 Am. Rep., 534; Wehn v. Commissioners, 25 Am. Rep., 497.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The appellant avers that the appellee "unlawfully, carelessly, and negligently" so changed and obstructed the course of a stream as to flood his premises.

A county can necessarily act only through its agents. If liable at all for a tort, it can only be when committed by its agents engaged in the course of its business.

It is inferable from the petition that the act complained of was done by them in the erection of a county jail. Assuming this to be so, or that it was done at least in the course of the county's employment, and within the scope of its business proper, we reach *the* question involved, to wit: Is a county responsible for a tort?

Formerly it was held, as to corporations proper, that as they were not created to commit wrongs, therefore it was *ultra vires*, and they could not do so. This has long ceased to be the rule, however. In the Railroad Company v. Quigley, 21 Howard, 202, the Supreme Court of the United States decided, as to corporations proper, that they were liable for acts done by their agents, whether *in contractu* or *in delicto*, in the course of their business and employment. To the same effect is the case of Salt Lake City v. Hollister, 118 U. S., 256; and this is now the well-settled rule.

Counties, however, are subordinate political divisions. They do not possess corporate powers under special charters, but exist by virtue of the general laws of the State, apportioning its territory into political divisions for the conveniences of government.

They are a part of the machinery of the government. They are created for public purposes. Public duties

are imposed upon those residing within their limits without request from them; and in order that they may properly perform them, they are clothed with certain corporate powers. They are, therefore, often called *quasi* corporations. A difference should manifestly be drawn between them, invested as they are with powers and duties without their consent, and corporations proper that obtain special privileges for the peculiar benefit of their corporators. The State may compel the citizen to the performance of his county corporate duties by means of penalties, but he does not stand in the light of a person who has, for a consideration, voluntarily assumed obligations so as to owe a duty and be answerable to every one interested in its performance. In the case of municipal and ordinary corporations it is otherwise, because they accept special charters, and presumably obtain valuable privileges. Their creation is due to local advantage and convenience or individual benefit; while the leading object in establishing a county is to effectuate the political and civil organization of the State as to its general purposes and policy. It is an arm of the State, giving local effect to them. It looks largely to the administration of justice; the maintenance of the highways and bridges; the support of education and kindred governmental objects. It is created at the will of the sovereign, without special regard to the consent or will of those residing in it. It is a necessary instrumentality in carrying out the policy of the State and in governing its people. It is governmental in its purpose and nature. It is not in the strict legal sense a municipal corporation like a city. As a *quasi* corpora-

tion it is distinguishable both from a private corpora-
tion and a municipal corporation proper. A city is
liable to an individual in certain cases for a failure to
discharge its corporate duties upon the ground that
its powers have been granted at the special solicita-
tion and for the benefit of its citizens, and not so much
to aid in the administration of the State government
as for local advantage and convenience. Further illus-
tration by way of distinction is unnecessary.

A county being but an arm or branch of the State
government, it is no. more liable to be sued for the neg-
lect or tort of its officers than the State is for that of
those in authority in it. The common law gives no
such right, and it, therefore, can only exist by statute.
There is none in this State.

Judge Cooley says : " It is settled that these (*quasi*)
corporations are not liable to a private action, at the
suit of a party injured by a neglect of its officers to
perform a corporate duty, unless such action is given
by statute.

"The doctrine has been frequently applied where
suits have been brought against towns, or the highway
officers of towns, to recover for damages sustained in
consequence of defects in the public ways. The com-
mon law gives no such action, and it is, therefore, not
sustainable at all, unless given by statute." (Cooley's
Con. Limitations,    * page 247.)

In the case of Braham v. Supervisors of Hinds
County, 54 Miss., 363, it was held that a county is
not liable for an injury arising from its neglect to
repair a county bridge.

In Kincaid v. Hardin, 53 Iowa,. 430, it was decided

.that a county is not responsible for an injury sustained by reason of the defective construction and imperfect lighting of a court-house.

In Dosdall v. County of Olmsted, 30 Minn., 96, it was declared that one can not sue a county for an injury due to the negligence of its officers in failing to repair a sidewalk appurtenant to the court-house.

In Wehn v. Commissioners of Gage County, 5 Neb., 494, it is said that a county is not liable to a citizen for the erection of a jail in the immediate vicinity of his residence, nor for suffering it through filth and disorder to become a nuisance.

Many cases could be cited to the same effect. Among them are Commissioners of Hamilton County v. Mighels, 7 Ohio St., 109 ; Bigelow v. Randolph, 14 Gray, 541, and Eastman v. Meredith, 36 N. H., 284.

The same reason exists for denying the citizen the right to sue a county for a wrong, whether it arises from its action or mere non-action ; whether from mere neglect or a positive act. If permissible in one instance, it would be in the other ; and even if in either, it would lead to innumerable suits, and open a wide avenue for trouble and obstruction to the State government. This is illustrated by the cases above cited. The denial of the right may sometimes, and no doubt often does, result in individual hardship ; but public policy demands it. It must be kept in view that the paramount object of the existence of a county is governmental ; that it is, indeed, a part of the sovereignty itself. In view of this, and for its proper conduct, it has become a settled judicial rule, that no liability exists upon its part, unless it be authorized expressly,

or by necessary implication by statute. Its general purpose forbids that it should otherwise be open to suit or answerable for the manner in which it either exercises, or fails to exercise its corporate powers.

Judgment affirmed.