CASE 27—PETITION ORDINARY—JANUARY 27.

# Hite v. Whitley County Court.

APPEAL FROM WHITLEY COURT OF COMMON PLEAS.

COUNTY NOT LIABLE FOR FAILURE TO KEEP JAIL IN REPAIR.—No action can be maintained against a county court as such, or against a county, for an injury arising from mere neglect, or even from positive act, in the absence of a statute authorizing it, Therefore, no action lies against a county court or a county for injury to a prisoner, resulting from the failure of the county court to keep the county jail in proper repair. Section 4 of article 17, chapter 28, General Statutes, only authorizes an action against the individual members of the court whose names do not appear of record in favor of erecting and keeping in repair a proper jail.

PERKINS & HARDING FOR APPELLANT.

No brief in record.

HILL & DENHAM FOR APPELLEE, WHITLEY COUNTY COURT.

No action can be maintained against a county for failure to erect and keep in repair a good and sufficient county jail. Such an action is allowed only against the members of the county court whose names do not appear in favor thereof. (Gen. Stats., chap. 28, art. 17, sec. 4.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The appellant, Mollie Hite, claiming that her eyesight and health had been impaired by confinement in the Whitley county jail, brought this action against the Whitley County Court and the jailer, J. L. Jones, to recover damages, upon the ground that the court had negligently failed to erect and keep in repair a good jail, and one supplied with proper heating apparatus, and that the jailer had neglected to keep the one which was provided comfortably warm, and in proper condition otherwise. Without objection or exception from her, she was ruled to elect whether

she would proceed against the county court or the jailer, and she thereupon elected to prosecute the action against the county court, and it was dismissed as against the jailer, without objection or exception by her. There is, therefore, no ground for an appeal as to him.

A demurrer by the county court to the petition was sustained, and the appellant failing to plead further, the action was dismissed.

We will consider the action as being one against the county, inasmuch as it would have to satisfy a judgment, if one could be obtained, against the county court. A court is merely an instrumentality for the administration of justice. No action can be maintained against a county court as such, or a county, for an injury arising from mere neglect, or even from positive act, in the absence of a statute authorizing it. A county is not liable for an injury so arising, unless the liability is imposed by statute, either expressly or by necessary implication. It was so held in Dosdall v. County of Olmsted, 30 Minn , 96, where the county was sued for the neglect of its officers in failing to repair a sidewalk appurtenant to the courthouse. Also, in Wehn v. Commissioners of Gage County, 5 Neb., 494, where it was sought to make the county liable for the erection of a jail, which was suffered to become a nuisance. Other cases may be found to the same effect, among which is that of Downing v. Mason County, 87 Ky. Rep., 208, where a citizen sued the county for an injury to his premises, caused by their being flooded by the erection of a county jail.

Both the county court and the county are parts of the machinery of the State government. Being but arms of it, they are no more liable to be sued for the neglect of their officers than the State is for that of those in charge of it. There is no statute authorizing an action like this one. Section 4, article 17, chapter 28, of the General Statutes, provides: "The county court, at the court of claims of each county, shall cause to be erected and kept in repair a secure and sufficient county jail, and upon a failure to erect and keep in repair a good and sufficient jail, *each member of the court whose name does not appear recorded in favor thereof* shall be liable to a fine of not less than fifty nor more than one hundred dollars, and shall be liable in a civil action for all damage sustained by any person by reason thereof."

It is evident a personal liability only is created by this provision. The individuals of the court may be sued, but as to them the right exists only against those whose names do not appear of record as in favor of erecting and keeping in repair a proper jail. This action is not against any individuals who are members of the court, but it is against the court itself.

Judgment affirmed.