CASE 15—ACTION UPON AN OFFICIAL BOND—MAY 31.

# Coleman v. Eaker, &c.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS.    AFFIRMED.

PUBLIC OFFICERS—FAILURE TO AVER APPROVAL OF BOND—LIABILITY OF ROAD SUPERVISOR ON BOND.

Held:    1. Under Kentucky Statutes, section 4314, requiring the county supervisor of roads to execute bond in the county court, to be approved by the court, in an action on a bond executed by that officer, the petition is not good where there is no averment that the bond was executed before the county court, or was ever approved or accepted by that court.
2. There can be no recovery on the bond of a county supervisor of roads for personal injuries resulting from the breaking of a plank bridge or culvert forming part of a public road.

L. K. TAYLOR, ATTORNEY FOR APPELLANT.

In this action the appellant seeks a judgment for damages on account of personal injuries on a public highway; the defendants being the county road supervisor and his bondsmen.

The only question is did the trial court err in sustaining the demurrer.

This action is based on section 4314 of the Kentucky Statutes; said section requires a bond of the supervisor, and then adds: "The said county court, or any person aggrieved, may, from time to time institute suit against the supervisor and his

sureties on said bond . . . for any loss *or damage* sustained by the acts or *omissions* of the supervisor."

The next section, 4315, defines how the supervisor shall have the work done on bridges and culverts which are not included in his contracts for the working of roads.

In view of these statutory provisions, I submit that the trial court ered in sustaining the demurrer to the petition.

HUSBANDS & CALDWELL, FOR APPELLEE.

The sole question in this case is, whether the petition states a cause of action. We maintain that it does not, and that the demurrer was properly sustained to it.

1. The petition does not allege that the bond was executed in or before any court, or was ever approved or accepted by any court.

2. The petition does not set out, nor attempt to set out, any covenant contained in the alleged bond, nor does it allege that there was any understanding or covenant of any kind contained in the bond. Nor does it appear to whom the bond was executed.

3. There is no authority for the appointment of such official as supervisor of roads, except in counties where public roads are maintained by taxation, and there is no allegation in the petition that such roads are maintained by taxation in McCracken county.

4 A careful analysis of the entire chapter 110, Kentucky Statutes, will show that it was not the purpose of the Legislature to make supervisors of roads responsible in damages to persons who sustained injuries from the public roads not being in repair. The same duties in regard to keeping the road in good order have heretofore for a hundred years been imposed on "overseers," and they have never been held liable for damages in such cases as this.

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—AFFIRMING.

The question involved is as to whether the petition states a cause of action. The appellant seeks to recover damages from the appellees for the reason, as he avers, that while passing over a plank bridge or culvert, part of the public road under the care and supervision of the appellee, Eaker, as supervisor of roads in McCracken county, one of the wheels of his vehicle was thrown into a hole by a plank giving away, thus causing his horse to take fright

and throw him violently from the vehicle, from which fall he sustained bodily injuries, and also a partial loss of his vehicle. The action was based upon a bond which it is claimed that Eaker executed, with his co-appellees as sureties, for the faithful performance of his duties as supervisor.

Section 4313, Kentucky Statutes, provides that the fiscal court of a county wherein the roads are worked by taxation may appoint a supervisor of roads. Section 4314, Id., provides that the supervisor shall, at the next regular term of the county court after his appointment, execute bond to the Commonwealth for the benefit of the county, and with sureties to be approved by the court, in double the amount of the bridge and road funds, and shall take oath for the faithful discharge of his duties. The taking of the oath and the execution of the bond shall be noted on the order book of the court. This section further provides that the "county court, or any person aggrieved, may, from time to time, institute suit against the supervisor and his sureties on said bond, . . . in any court of competent jurisdiction for any loss or damage sustained by the acts or omissions of the supervisor." It is averred in the petition that Eaker was duly appointed supervisor of roads by the fiscal court of McCracken county; that he executed bond in the sum of $20,000, as required by law, for the faithful performance of his duties as such; that the bond was signed by him as principal, and certain persons (naming them) as sureties. It is not averred that the bond was executed before the county court or was ever approved or accepted by it. Not containing these averments, the appellant failed to state a cause of action.

Section 4315, Kentucky Statutes, prescribes the duties of the supervisor with reference to the roads and bridges,

and reads as follows: "In counties wherein roads are
worked by taxation, it shall be the duty of the supervisor,
at the courthouse door in his county, on the first Monday
in March in each year, after twenty days' written or print-
ed notice posted at each voting place in the county, to
let out to the lowest and best bidder, who shall give bond
with surety, approved by the supervisor, the working and
keeping in repair of all the roads in said county, for the
term of not less than one year nor more than two years
thereafter, the said work to be done as prescribed in the
bonds of contractors; to let out at such times as needed,
and on reasonable (printed or written) notice, the build-
ing and repairing of all such bridges and culverts as are
not embraced in the contracts for working roads; to su-
perintend the opening, widening and changing of roads;
superintend erection of gates on public roads; to receive
new roads and alterations in roads, and to report same
to the county court when, and in the manner directed by
the county court, and to see that all roads and bridges are
kept clear of obstructions, and at all times in good order
for travel and transportation: provided, that for the pur-
poses enumerated the fund raised under this act, and
which may be otherwise raised by the levy court, shall be
sufficient; and if not sufficient, then it is to be used at
such places and for such purposes as the supervisor, under
the general directions of said court, may deem proper; and
the court, in giving such directions, shall have due regard
to the public good, and to the wants of the different parts
of the county. . . ." The supervisor, the appointment
of whom is authorized by the sections of the statute men-
tioned, is an officer, and is required to give bond as such.
The covenants of his bond require him to account to the
county court, or any person aggrieved, for any loss or dam-

ages sustained by his acts or omissions. It would not be proper to attempt to state the acts of omissions for which an action might be brought by the county or a person aggrieved against him and his sureties; but we are of the opinion that the appellant is not entitled to recover on his bond as supervisor for the alleged injury, even if it has been regularly executed, accepted, and approved. It would not have been in the contemplation of the Legislature that a supervisor should be liable on his official bond for an injury like the one for which this action was brought. No one could afford to accept the position if it was attended with such responsibilities. The judgment is affirmed.