Case 10.—ACTION BY WILLIAM A. HARDWICK AGAINST JOHN R. FRANKLIN FOR DAMAGES·FOR INJURIES RECEIVED BY THE FALLING OF A BRIDGE CONSTRUCTED BY DEFENDANT AS SPECIAL COMMISSIONER—March 8.

## Hardwick v. Franklin.

Appeal from Hopkins Circuit Court.

J. F. Gordon, Circuit Judge.

Judgment for defendant. Plaintiff appeals. Affirmed.

Hardwick v. Franklin.

Roads and Passways—Falling of Bridge—Injury to Traveler—
Liability of Builder—Counties—Sovereignty.

1. Roads and Passways—Falling of Bridge—Injury to Traveler—
Liability of Builder—Where $75 was appropriated by the fiscal
court for the building of a bridge on a public road and a
special commissioner appointed to let out the contract and
superintend its construction, such commissioner is not liable in
an action for damages to one who was injured by the falling of
such bridge by reason of its defective construction, the provi-
sion of section 4320, Kentucky Statutes, referring to his bond
and his liability, must be held to protect the county and not to
include causes of action by persons damaged.

2. Counties—Sovereignty—The rule in Kentucky is that as a
county is but an integral part of the State, and the fiscal
court is a part of the machinery of the State government, no
action lies against the county or the fiscal court, or the judge
or justices composing it, for injuries done to a traveler by the
falling of a bridge constituting part of a highway and under
the control of the court, although guilty of gross negligence
in failing to repair it.

GORDON, GORDON & COX, Attorneys for appellant.

## SYNOPSIS OF APPELLANT'S BRIEF.

1. The question presented here is: "Shall Franklin be held
liable to compensate Hardwick for injuries received through
Franklin's negligence in making repairs to a bridge in a public
road while acting as special commissioner to make said repairs?"

2. The county and county court are not liable for defects in a
highway in the absence of a statute, but the agents of the county
and the county court are so liable. (Hutcheson v. Pulaski County,
11 S. W. Rep., 607; pages two, three and four of brief.

3. The special commissioner to repair bridges is made liable for
any defects or failure in regard to a bridge repaired by him by
express terms of section 4320, Kentucky Statutes.

4. A sound public policy demands that officers charged with
the duty of repairing bridges be held to strict accountability for
their negligence in such matters.

RUBY LAFOON and LEE GIBSON, attorneys for appellee.

## POINTS AND AUTHORITIES.

1. A county or its commissioners appointed by the fiscal court is
not liable for injuries caused by defects in a county bridge on a
public road. (Coleman v. Baker, &c., 23 Ky. Law Rep., 513; Moss,
&c. v. Rowlett, &c., 23 Ky. Law Rep., 1411; Wheatley v. Mercer,

&c., 72 Ky., 704; Hite v. Whitley County Court, 91 Ky., 168; First Edition A. & E. Law, Vol. 2, p. 558; L. R. A., Vol. 39, pp. 46 and 58.)

2. Statute construed, and in support of our contention we cite the two cases above referred to in 23 Ky. Law Rep.

OPINION BY CHIEF JUSTICE HOBSON—Affirming.

Appellant, Hardwick, while driving over a bridge on one of the public roads of Hopkins county, was injured by the bridge falling, as he alleged, by reason of the gross negligence of appellee, Franklin, while acting as special commissioner of the fiscal court, in failing to make the bridge reasonably safe, and leaving it in a defective condition. He filed this suit to recover of Franklin for the injury. The defendant filed an answer traversing the allegations of the petition, and afterwards filed a general demurrer to the petition, which was sustained by the court; and, the plaintiff declining to plead further, his petition was dismissed, and he appeals.

The orders of the fiscal court, a copy of which was filed with the petition, were as follows:

"Hopkins County Fiscal Court, April 5, Regular Term, 1900. Hon. John G. B. Hall, P. J. Ordered that the sum of $75 be, and the same is hereby, appropriated for the purpose of building a bridge over Lick creek, on Madisonville and Charlestown Road, and J. R. Franklin appointed commissioner; same payable out of the county levy for the year 1900. John G. B. Hall, Judge.

"Hopkins County Fiscal Court. Regular Term, October 19, 1900. Hon. John G. B. Hall, P. J. J. R. Franklin made written report as commissioner to build a bridge over Lick creek, on Madisonville and Charlestown Road, near T. G. Chapel's, showing that said work had been done by E. Williams at a cost of $40; that being $35 less than the amount appropriated for said purpose at the last April term of this court;

Hardwick v. Franklin.

leaving the said balance in the hands of the sheriff, unexpended. Ordered, that court adjourn. John G. B. Hall, Judge.''

It will be observed that by these orders the fiscal court appropriated $75 for the building of the bridge, and appointed Franklin commissioner to execute the order; that at the next term he reported that the work had been done by E. Williams at the cost of $40, leaving $35 of the appropriation unexpended. It will thus be seen that Franklin was commissioner to let out the work and accept it after it had been done by Williams. Section 4320 Ky. St., relating to the appointment of commissioners by the fiscal court, is as follows: ''The fiscal court may appoint a special commissioner to let out and superintend the construction or repairing of any bridge or bridges and fix his compensation therefor: provided, however, that the supervisor shall not be liable for any defects or failure in regard to such bridge; but the special commissioner shall be liable therefor, and the court shall require him to give bond, with surety.'' It is insisted for appellant that by the statute the commissioner is liable for any defect or failure in regard to the bridge which he is authorized by the fiscal court to let out, and superintend the construction of. The rule in Kentucky is that as a county is but an integral part of the State, and the fiscal court is part of the machinery of the State government, no action lies against the county or the fiscal court, or the judge or justices composing it, for injuries done to a traveler by the falling of a bridge constituting part of a public highway, and under the control of the fiscal court, although they were guilty of gross negligence in failing to repair it or notify travelers of its condition. (Wheatly v. Mercer, 72 Ky., 704; Downing v. Mason County, 87 Ky., 208, 10 Ky. Law Rep., 105; 8 S. W., 264, 12 Am. St. Rep., 473; Hite v.

Whitley County Court, 91 Ky., 168, 12 Ky. Law Rep., 764, 15 S. W., 57, 11 L. R. A., 122. Following this rule it was held in Coleman v. Eaker, 111 Ky., 131, 23 Ky. Law Rep., 513, 63 S. W., 484, that the county supervisor was not liable on his bond to a traveler on the highway who was injured by reason of a defective county bridge. Section 4314, Ky. S., 1903, relating to supervisors, contains language as broad as section 4320, above quoted, relating to commissioners. In Moss v. Rowlett, 112 Ky., 121, 23 Rep., 1411, 65 S. W., 153, 358, the same rule was followed in the case of a contractor where a traveler was injured by the falling of a county bridge. The case before us can not be distinguished from those above cited. The commissioner here spent $40, and received for his services an allowance proportionate thereto, and yet it is sought to make him liable for $5,000 for appellant's injuries. If such were the law, good men could not afford to fill such positions. No such responsibility rests on the road overseer, and, it being the legislative policy not to make the county officials responsible to travelers on the highways for defects therein, the last clause of section 4320, Ky. St., 1903, referring to the bond of the commissioner and his liability, must be held to be intended to protect the county, and not to include causes of action such as that sued for.

Judgment affirmed.