Case 15.—ACTION FOR PERSONAL INJURIES BY ALME
    SIMONS AGAINST JAMES P. GREGORY AND OTHERS.
    March 14.

## Simons v. Gregory, &c.

Appeal from Jefferson Circuit Court (Common
Pleas, 2d Division.)

Thomas R. Gordon, Judge.

From judgment for defendants. Plaintiff appeals.
Affirmed.

Counties—County Officials—Defective Courthouse Elevator—In
    jury to Passenger—Negligence—Indemnity Company—Con
    tractor—Liability.

1. Counties—County Officials—Defective Courthouse Elevator—In-
    jury to Passenger—Liability—In an action by one injured by
    the falling of an elevator in use in the courthouse in Louis-
    ville, Ky., against Jefferson county, the officers of the fiscal
    court of Jefferson county, the jailer, county judge and justices
    of the county, personally, the Geiger, Fiske & Koop Co., who
    constructed the elevator, and the Fidelity and Casualty Co.,
    who guaranteed its safety, alleging gross negligence in all
    the defendants in the building, acceptance, use of and opera-
    tion thereof, and also alleging that all the defendants knew,
    or could by ordinary care have known, of its defective and
    dangerous condition, Held—As to Jefferson county, the fiscal
    court, the county judge and justices of the peace and jailer,
    the rule is that neither the county judge, the fiscal court, nor
    county officers are liable to a person injured from defects in
    the county highway, bridges or other structures which the
    county is, by law, required to maintain; that an elevator is a
    necessity in a five-story building, and the fiscal court had
    jurisdiction to have it built for the comfort and convenience
    of holding the courts.

2. Indemnity Company—As the contract of the Fidelity and
    Casualty Co. was only to indemnify the county and fiscal court
    against loss, no action can be maintained against it by the
    plaintiff where neither the county nor the fiscal court are
    liable.

3. Builder—Liability—As to the Geiger, Fiske & Koop Co., who
    built the elevator, it is not averred that it knew the elevator
    was in a dangerous condition, but that it knew, or by the

Simons v. Gregory, &c.

exercise of ordinary care could have known, this. Where a defendant sells a thing which he knows is dangerous and conceals the danger from the purchaser, a different question is presented. But this doctrine is not to be applied to the fall of an elevator which is charged to be due concurrently to its defectiveness and the unskillfulness and gross negligence of the operator in using it.

BENNETT H. YOUNG for appellant.

### POINTS AND AUTHORITIES.

1. That the exemption of Jefferson county in this case for liability for the tort set out in the pleadings because it is an arm of the State, is not founded in real justice, is not in harmony with the current decisions of many of the most learned courts of this country. That Jefferson county is not as important an arm of the State as the Central Lunatic Asylum, which this court has decided can be sued for tort, and that in the greatly enlarged extension of the powers, duties and functions of counties there should be an abridgement of this doctrine of exemption from liability for torts and that as now maintained by the former decisions of this court it is an unjust and grievous wrong against a private citizen.

2. That even if this court should maintain in its present form, its conclusion that counties, as an arm of the State should be exempt from liability for torts, yet even if this be so, the court should limit this doctrine so as not to exempt counties when they have no legal authority to do or perform certain acts, and yet have done these, and accepted work done or appliances constructed under them, and declare that when counties without authority, commit themselves to such undertaking, and do work or receive and use such appliances without warrant of law, that under these conditions of the citzen be wronged he shall not be debarred from remedy against the wrongdoer, even though it be a county.

3. That where, as in this case, county officers do a thing admitted by them to be without legislative warrant, they can not plead an exemption from liability for such injuries as result to those who without fault on their part are injured by the operation of such agencies as may thus be created or organized without legislative right—and that where such officers knowingly and deliberately undertake the erection of appliances for public comfort, which they confess and declare are not authorized by any law, that they are liable as individuals for injury to innocent parties who may suffer damages in the operation of such appliances, and that the law will not exempt from responsibility any one who in any capacity whatever does or attempts to do that which he is not authorized or required to do in the performance of any duty.

4. That when a jailer undertakes for pay, to keep in proper repair and to operate in a reasonably safe way machinery in a courthouse, which machinery is placed there, not in accordance but in violation of law, that to those injured by his negligence and carelessness, he is personally liable.

5. That where one who undertakes to install and construct for public use at public expense an elevator in a courthouse, and does deliberately and knowingly install and construct a machine which is dangerous and defective, and the dangers and defects of which are not or could not be known to those ordinarily using it, he is liable to these parties for such injuries as may be suffered by them in the proper use thereof.

... ,

## AUTHORITIES CITED.

Union Central Life Insurance Co. v. Spinks, 83 S. W., 615; Walton, &c. v. Riley &c., 85 Ky., 413; Hexter v. U. S. Life Insurance Co., 91 Ky., 356; Mutual Life Ins. Co. v. Jarboe, &c., 102 Ky., 80; Fidelity Trust Co. v. Morganfield, 96 Ky., 563; Belknap v. City of Louisville, 99, Ky., 477; Montgomery Co., &c. v. Trimble, 104 Ky., 629; McGoodwin v. City of Franklin, 18 Ky. Law Rep., 752; City of Owensboro v. Barker, 18 Ky. Law Rep., 324; Commonwealth v. Farmers Bank, 97 Ky., 619; Deposit Bank v. Daviess County, 102 Ky., 175; Lawrence Co. v. Chattaroi R. R. Co., 81 Ky., 225; Kentucky Statutes, sec. 1839; Hampshire v. Franklin, 16 Mass., 87; Hauns v. Ky. Cent. Lunatic Asylum, 103 Ky., 562; Hannon v. St. Louis Co., 62 Mo., 313; Wheatly v. Mercer, 9 Bush., 704; Kmeard v. Hardin, 36 Am. Rep., 239, 53 Iowa, 430; May v. County of Mercer, 30 Fed. Rep., 248; Colburn v. San Mato Co., 75 Fed. Rep., 521; Bigelow v. Inhabitants of Randolph, 14 Gray (Mass.), 541; Thomas and Wife v. Winchester, 6 N. Y., 396; Devlin's Adm'r v. Smith, 89 N. Y., 470; Huset v. J. I. Case Machine Co., 120 Fed. Rep., 865; C., St. P, M.& O. R R. Co. v. Elliott, 55 Fed. Rep., 949; Norton v. Sewall, 106 Mass., 143; Elkins v. McKean, 79 Penn., 493; Bishop v. Webber, 139 Mass., 411; Peters v. Johnson, 41 S. E., 190 (W. Va.), Coughtry v. Glove Woolen Co., 56 N . Y., 124; Bright v. Barnett, 60 N. W., 418, 26 L. R. A., 524; Roddy v. Railway Co., 104 Mo., 234, 15 S. W., 1121; Wellington v. Oil Co., 104 Mass., 64, 67; Lewis v. Terry, 43 Pac., 398 (Cal.); Stowell v. Standard Oil Co., (Mich.), 102 N. W., 227.

FORCHT & FIELD for Jefferson County & Fidelity Casualty Co.

## POINTS AND AUTHORITIES.

1. In the absence of a statute providing for liability, no action can be maintained against a county court, as such or against a county for an injury arising from mere neglect or even from

positive act. (Vol. 1, Shearman & Redfield on Negligence [5 Ed.], sec. 256; Wheatley v. Mercer County, &c., 9 Bush, 704; Moberly v. Carter County, 5 Ky. Law Rep., 694; Downing v. Mason County, 87 Ky., 208; Hite v. Whitley County, 91 Ky., 168; Sheppard v. Pulaski County, 13 Ky. Law Rep., 672; Sinkhorn v. Lexington, Harrodsburg, &c., T. R. R. Co., &c., 23 Ky. Law Rep., 1479.)

2. Jefferson county is authorized by law to install elevators in courthouse. (Sec. 1833, Ky Stats.; sec. 1834, Ky Stats.; sec. 1840, Ky. Stats.; sec. 927, Ky. Stats.)

3. If Jefferson county was not authorized nor required by law to install elevators in the courthouse, its agents were acting "ultra vires" and the county can not be held liable for tort in the prosecution of a work not authorized or required by law. (Downing v. Mason County, 87 Ky., 208; City of Columbus v. Sims, 94 Ga., 483.)

4. The appellant is not a party to the contract between Jefferson county and the Fidelity & Casualty Company of New York, and she can not bring an action against the Fidelity & Casualty Company, because there is no privity between them. (Hawkins v. McCalla, et al., 22 S. E. Rep. [Ga.], 141, 142; Buffalo Cement Co. v. McNaughton, 90 Hun., 78; Embler v. Hartford Steam Boiler Ins. Co., et al., 158 N. Y., 431, 44 L. R. A., 512; Mobile Ins. Co. v. Brame, 95 U. S., 580, 24 L. Ed., 585; Broadway, Adm'x v. Conn. M. L. Ins. Co., 29 Fed. Rep., 766; Employers Liability Assurance Corp. v. Merrill, 155 Mass., 404; Smith v. The Aetna Ins. Co., 5 Lansing, 549; National Bank v. Grand Lodge, 98 U. S., 123; Wheat v. Rice, 97 N. Y., 296; Lake Ontario R. R. Co. v. Curtis, 80 N. Y., 219; Wright v. Terry, 23 Florida, 160; Burton v. Larkin, 36 Kansas, 249; Anderson v. Fitzgerald, 21 Fed. Rep., 294; Electric Appliance Co. v. U. S. Fidelity & Guaranty Co., 53 L. R. A., 609; Wolf v. Downey, 164 N. Y., 30; Bain v. Atkins, 57 L. R. A., 791.)

5. The policy or contract of insurance upon which the action is brought is, according to the allegations of the petition, one of indemnity solely, and an indemnitor can not be charged unless the party to be indemnified becomes liable, therefore, it necessarily follows that if Jefferson county be not liable, the Fidelity & Casualty Company can not be held liable.

6. The Fidelity & Casualty Company's liability if any, does not attach until it shall have been judicially determined that the plaintiff has a valid demand for damages against Jefferson county, and its amount fixed by a verdict; and then its liability, if any, is to the county and not to the plaintiff.

GIBSON, MARSHALL & GIBSON for Geiger, Fiske & Koop Co.

### POINTS AND AUTHORITIES.

1. The vendor of an article not imminently dangerous in itself is not liable for injuries resulting to third parties from defects in construction when the injury is received after the article has passed into the hands of the vendee. (King v. Creekmore, 25 Ky. Law Rep., 1292; Winterbottom v. Wright, 10 M. & W., 109; Huset v. Case Threshing Machine Co., 120 Fed. Rep., 865, and cases cited.)

2. A passenger elevator is not, per se, something imminently dangerous, that is, an injury is not the natural or probable consequence of using it, and the vendor is not responsible for injuries to third parties caused by defective construction, when the injury occurs after the elevator passes under the control of the vendee. (Necker v. Harvey, 49 Mich., 517; Ziemann v. Elevator Co., 63 N. W., 1021; Thompson on Negligence, sec. 1095.)

3. The vendor of articles which are imminently dangerous is not liable for injuries to third parties if the vendee is aware of the imminently dangerous character or condition of the article when he receives it. (Huset v. Case Threshing Machine Co., 120 Fed. Rep., 865; Heizer v. Manufacturing Co., 110 Mo., 617; Wellington v. Oil Co., 104 Mass., 64.)

4. The owner of a defective passenger elevator, who knowing its unsafe condition, puts it in use under the control of incompetent operators and invites the public to use it, acts independently in creating, as well as maintaining, a public nuisance. The vendor's breach of duty in not supplying a safe elevator is not a concurrent act, and he is not responsible for injuries resulting to third parties, the direct and immediate cause of which is the act of the owner in knowingly putting the unsafe elevator in use under the control of incompetent operators. (Huset v. Case Threshing Machine Co., 120 Fed. Rep., 865; Heizer v. Manufacturing Co., 110 Mo., 617; Wellington v. Oil Co., 104 Mass., 64.)

OPINION BY CHIEF JUSTICE HOBSON—Affirming.

Appellant was painfully injured by the fall of an elevator in the courthouse at Louisville while she was in the elevator as a passenger, and being carried from the fifth floor to the first. She instituted this action against the fiscal court of Jefferson county, Jefferson county, the Geiger, Fiske & Koop Co., the Fidelity & Casualty Company, the jailer of Jefferson county, and the county judge and justices personally. She alleged that the fiscal court had the elevator in-

stalled in the courthouse voluntarily, and without any legal duty on their part to do so; that they failed to have it constructed safely, and by gross negligence permitted it to be operated when out of order and controlled by inexperienced persons; that the Geiger, Fiske & Koop Company put in the elevator under contract with the fiscal court, and, by gross negligence, failed to make it safe; that the dangerous condition of the elevator was well known to the company, or could have been known to it by the exercise of ordinary care upon its part, but was unknown to her; that the Fidelity & Casualty Company of New York had entered into a certain contract with the fiscal court of Jefferson county, which was in force at the time she was injured, by which it bound itself to the fiscal court to indemnify it and the county of Jefferson against any loss which it might sustain by reason of any accident or injury which might be sustained by any person on account of the elevator. The court sustained a demurrer to the petition. Thereupon the plaintiff amended her petition, reiterating her charges of gross negligence, alleging that for some time before she was hurt the elevator was in a dangerous condition, and that the members of the fiscal court and the jailer knew this, or by the exercise of ordinary care could have known it; that the fiscal court received the elevator, by gross negligence, from the Geiger, Fiske & Koop Company when it was in a dangerous condition; that the fiscal court was without authority to put an elevator in the courthouse, and that for some time before her injury the elevator, in its dangerous condition, was perilous to all persons having occasion to use it, and that this was known to the defendants, or could, by the exercise of ordinary care, have been known to them; that the operator of the elevator was grossly negligent and careless in its operation; and that the officers of Jefferson county,

referred to, knew that he was an unfit person to have charge of it. The court sustained a demurrer to the petition as amended, and the plaintiff appeals.

1. As to Jefferson county, the fiscal court, the county judge, justices of the peace, and jailer, the ruling of the circuit court followed a long line of decisions of this court; the rule being in this State that neither the county, the fiscal court, nor county officers are liable to a person injured from defects in the county highways, bridges or other structures which the county is by law required to maintain. (Wheatly v. Mercer County, 72 Ky., 704; Moberly v. Carter County, 5 Ky. Law Rep., 694; Hite v. Whitley County Court, 91 Ky., 168; 12 Ky. Law Rep., 764, 15 S. W.,57, 11 L. R. A., 122; Sheppard v. Pulaski County, 18 S. W., 15, 13 Ky. Law Rep., 672; Downing v. Mason County, 87 Ky., 208, 10 Ky. Law Rep., 105, 8 S. W., 264, 12 Am. St. Rep., 473; Sinkhorn v. Lexington, &c., Co., 112 Ky., 205, 65 S. W., 356, 23 Ky. Law Rep., 1479; Hardwick v. Franklin, 120 Ky., —, 85 S. W., 709, 27 Ky. Law Rep., —.)

The jailer is merely the custodian of the courthouse, and can no more be held responsible than the county judge or justices. We are earnestly asked to overrule the decisions referred to, but this we can not do. The rule thus declared has been acquiesced in by the Legislature, in two revisions of the statute. By section 1840, Ky. St., 1903, the fiscal court has jurisdiction "to erect and keep in repair public buildings, secure a sufficient jail and a comfortable and convenient place for holding court at the county seat." The court must take judicial notice that the circuit court of Jefferson county is composed of six judges, and that Louisville is a city of the first class. It is alleged in the petition that the elevator fell from the fifth floor of the building to the basement. Some

means of getting the people to the upper floors of such a building must be provided by the fiscal court, in the discharge of its duty to secure a comfortable and convenient place for holding court. In buildings as high as this, elevators are now in common use, and it was undoubtedly within the jurisdiction of the fiscal court to supply the courthouse with such conveniences as are used in this class of buildings. The demurrer to the petition admits as true its allegations of fact, but not its conclusions of law. On the facts admitted, the law must be determined by the court.

2. As to the Fidelity & Casualty Company, as its contract was only to indemnify the county and fiscal court against loss, no action can be maintained against it by the plaintiff where neither the county nor the fiscal court are liable to her.

3. As to the Geiger, Fiske & Koop Company, it is earnestly argued that it should be held responsible, because it is alleged in the petition that the elevator was in a dangerous condition when accepted from the contractor by the fiscal court. It is not averred that it knew that it was in a dangerous condition, but that it knew, or by the exercise of ordinary care could have known, this. Substantially the same question was presented in King v. Creekmore, 117 Ky., 172, 77 S. W., 689, 25 Ky. Law Rep., 1292. In that case the defendant leased to another a steam engine which exploded while operated by the lessee, injuring the plaintiff; and it was averred that the boiler was defective, and that the defendant so knew, or could have known by ordinary care. It was held that the defendant was not liable. That case approved Losee v. Clute, 51 N. Y., 494, 10 Am. Rep., 638; Curtin v. Somerset, 140 Pa., 70, 21 Atl., 244, 12 L. R. A., 322, 23 Am. St. Rep., 220; Necker v. Harvey, 49 Mich., 517, 14 N. W., 503; and Lewis v. Terry, 111 Cal., 39, 43 Pac., 398, 31 L. R. A.,

220, 52 Am. St. Rep., 146. The leading case on this subject is Winterbottom v. Wright, 10 M. & W., 109, which was followed in Longneid v. Holladay, 6 Ex. Ch., 761; Hessen v. Pindar, L. R., 9 Q. B. Div., 302; Ziemann v. Kieckhefer Elevator Manufacturing Company (Wis.), 63 N. W., 1021; Collis v. Selden, L. R., 3 C. P., 495; Bank v. Ward, 100 U. S., 195, 25 L. Ed., 621; Goodlander v. Standard Oil Company, 63 Fed., 400, 11 C. C. A., 253, 27 L. R. A., 583; Bragdon v. Perkins-Campbell Company, 87 Fed., 109, 30 C. C. A., 567; Daugherty v. Herzog, 145 Ind., 255, 44 N. E., 457, 32 L. R. A., 837, 57 Am. St. Rep., 204; Carter v. Harden, 78 Me., 528, 7 Alt., 392; McCaffrey v. Manufacturing Company (R. I.), 50 Atl., 651, 55 L. R. A., 822, 91 Am. St. Rep., 637; Marvin Safe Company v. Ward, 46 N. J. Law, 19; Burdick v. Cheadle, 26 Ohio St., 393, 20 Am. Rep., 767. Where the defendant sells a thing which he knows is dangerous, and conceals the danger from the purchaser, a different question is presented. (Huset v. J. I. Case Company, 120 Fed., 865, 57 C. C. A., 237, 61 L. R. A., 303; Heizer v. Kingsland Manufacturing Company, 110 Mo., 617, 19 S. W., 630, 15 L. R. A., 821, 33 Am. St. Rep., 482; Lewis v. Terry, 111 Cal., 39, 43 Pac., 398, 31 L. R. A., 220, 52 Am. St. Rep., 146.) There are authorities to the effect that the seller of a deadly poison or other thing imminently dangerous to human life is liable to a third person who may suffer injury by reason of his negligence. (See Huset v. J. I. Case Company, 120 Fed., 865, 57 C. C. A., 237, 61 L. R. A., 303, and cases cited.) But the doctrine of these cases is not to be applied to the fall of an elevator, which is charged to be due concurrently to its defectiveness, the unskillfulness of the operator, and his gross neglect in using it, for an elevator which, after being run for months, breaks down by reason of its being operated by an inex-

perienced and unfit person, and by reason of his gross negligence, can not be said to be imminently dangerous to human life.   Such an elevator can not be distinguished from a defective steam boiler, a defective coach for the carriage of passengers, a defective wall, defective shelving in a storeroom, or a defective chandelier in a hotel, or the other things for which the maker was held not to be responsible to third persons injured thereby in the cases above cited.   The case of Stowell v. Standard Oil Co. (Mich.), 102 N. W., 227, recognizes the soundness of these cases, and rests upon the idea that the oil sold there was such as could not be lawfully sold under the statute of the State.

Judgment affirmed.