## Breathitt County v. Hagins.

(Decided February 18, 1919.)

### Appeal from Breathitt Circuit Court.

1. Counties—Collection of Bridge Tolls.—A county, which has not the right to collect tolls for the use of a bridge, and lets the privilege of collecting tolls to a lessee, who pays the rent into the treasury of the county, can not be sued for the tolls, by a citizen.

2. Counties—Actions Against.—A county is a political division of the state created for the administration of the government, and can not be sued by a citizen, unless express power is given to do so, by a statute, or an implied right is necessarily to be drawn

from an express power given, or unless the liability arises from an express contract, which the county has authority to make.

SOUTH STRONG, CHESTER GOURLEY and O. H. POLLARD for appellant.

E. E. HOGG, T. T. COPE and A. F. BYRD for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

The county of Breathitt erected a bridge over a branch of the Kentucky river, which flows through the city of Jackson, which is the capital of the county. For a number of years, the fiscal court of the county, leased the right to collect tolls, from persons and vehicles, using the bridge, to the highest bidder, and the sums paid by the lessees, were turned into the treasury of the county and expended by its fiscal court, in defraying the necessary expenses of the county. On the 12th day of November, 1912, it was held, by a decision of this court, in the action of Breathitt County v. Hammond, et al., 150 Ky. 502, that the county of Breathitt did not have the right to require the payment of tolls by the individuals of the public, who used the bridge. Thereafter, the appellee, O. A. Hagins, instituted this action against the county, to recover from it the tolls, which he had paid for the use of the bridge during a great number of years. The county denied its liability and, also, interposed a plea of the five years statute of limitation. Before answering, however, the county demurred generally to appellee's cause of action, as stated, in his petition, but, the demurrer was overruled. The evidence upon the trial proved, that the fiscal court assuming the right to require the payment of tolls for the use of the bridge by the public, made orders, directing the leasing of the privilege of collecting tolls, for the use of the bridge, and entered into contracts with the lessees, who paid the sums agreed upon between them and the fiscal court for the right to collect tolls, into the county treasury and presumably were, thereafter, expended by the county, in the conduct of its fiscal affairs. The custodians of the county's funds, were not made parties to the suit, nor the lessees of the bridge, who collected the tolls. At the conclusion of the evidence offered upon the trial, the county moved the court to direct a verdict in its favor, but this motion was overruled. Instead, the court directed the jury to return a verdict for the sum of

$528.00, in favor of appellee, which it did, and a judgment was rendered accordingly. From the judgment, the county has appealed.

It is not questioned, that if appellee had a right of recovery, at all, the judgment was for the proper amount, and the question of the right to sue the county and to recover upon the claim made by appellee, was presented, by his demurrer to the petition and upon his motion for a directed verdict. A county is only a *quasi* corporation and is distinguishable, so far as liabilities are concerned, from a private or municipal corporation, as a city or town. It is a political division of the state and a division for the purposes of government, and its activities, are, nearly, if not quite all, expended in matters of government, and in administering the sovereignties of the state, and for that reason, there are only a few things, for which a citizen may maintain a suit against the county. Being a portion of the state for governmental purposes, a county can not be sued, unless there is a statute, which expressly authorizes such an action to be maintained, or the right to do so, can be necessarily implied from an express power given, or it may be sued upon an express contract, which the county has authority to make. In accordance with this doctrine, it has been held, that an action can not be maintained against a county, for injuries sustained from neglect of its officials, in keeping public roads and bridges, in repair; nor for damages suffered by prisoners, on account of defective, unhealthy jails; nor for defects, in the buildings of the county, which cause injuries, although the negligence, of the officials of the county, was gross; nor can the county be made liable for a positive wrongful act of its officials, in connection with their duties as officials, unless the liability is imposed by statute either directly, or by necessary implication. Neither can a county be made liable to attorneys, who sue for a citizen, who maintains a suit for all taxpayers, and secured the return to the county of funds, which have been illegally disbursed. Downing v Mason County, 87 Ky. 208; Marion County v. Rives, etc., 133 Ky. 477; Wheatley v. Mercer County, etc., 9 Bush, 704; Hite v. Whitley Co., 91 Ky. 168; Simmons v. Gregory, 120 Ky. 116; Moberly v. Carter, 5 K. L. R. 694; Shepherd v. Pulaski Co., 18 S. W. 15; Sinkhorn v. Lexington, etc., 112 Ky. 205; Hardwick v. Franklin, 120 Ky. 78; Coleman v. Eaker, 111 Ky. 131; Moss v. Rowlett, 112

Ky. 121. As, further, illustration of this doctrine, when taxes have been wrongfully collected by county officials, the citizen, who has paid the taxes, may maintain a suit directly against the person, who has the money, from the collection of the taxes, in his possession, or for the purpose of distribution, and recover it, but, he can not maintain a suit against the county for it, after it has been paid out. Commonwealth, for, etc. v. Baske, etc., 124 Ky. 468; Com. v. Stone, 114 Ky. 511; Blair v. Carlisle, etc., Turnpike Co., 4 Bush 157; Whaley v. Com., 110 Ky. 154. In the instant case, the claim of appellee did not grow out of any express contract between him and the county, and the facts of the case upon principle can not be distinguished from a case of wrongful collection of an illegal tax. The appellee, in his petition, alleges, that the tolls were wrongfully collected from him. He paid the tolls, not to the county, but to a lessee of the county. His remedy was a proper proceeding against the individual, who was collecting the tolls to require him to cease, and for the recovery of any money paid, against the person, who had it. Under the authorities herein cited, he had no cause of action against the county. There is no statute, which expressly gives authority for his suit, nor is there any express power from which his right to maintain such a suit, can be implied. The case of Moore v. Lawrence County, 143 Ky. 448, cited by appellee, nor the earlier case of Layman v. Beeler, 24 K. L. R. 174, are authority for the maintenance of his action. Those were cases, wherein damages were suffered by individuals, from the actions of the county, in the construction of roads, and the authority for the liability of the county is found in section 242, of the Constitution. The counties are invested with the power of taking private property for public use in the construction of roads, and are required by that section of the Constitution, to make just compensation for the property taken, but, in the instant case, the county was not invested with the privilege of collecting tolls for the use of the bridge. Both the demurrer to the petition and the motion for a directed verdict, should have prevailed.

The judgment is therefore reversed and cause remanded for proceedings consistent with this opinion.