## Forsythe v. Pendleton County, et al.

(Decided November 28, 1924.)

### Appeal from Pendleton Circuit Court.

1. Counties—Not Liable to Suit for Injury or Tort of Officers Without State's Consent by Statute.—Counties do not possess corporate powers under special charters, but exist by virtue of general state laws, apportioning territory into political divisions for governmental convenience, and are not liable to suit for injuries or torts of their officers, without state's consent clearly expressed in statute.

2. Master and Servant—County Not Liable under Compensation Act for Injuries to Employee in Building Public Road.—Maintenance of public roads in county being governmental function, county did not descend from its sovereignty by undertaking to build turnpike, so as to subject itself to liability under Workmen's Compensation Act (Ky. Stats., sections 4880, 4881), for injuries to employee.

3. Highways—Superintendent of Construction of Turnpike Not Liable for Injury to Employee.—County's superintendent of construction of turnpike held not liable for injuries to laborer, being engaged only in performing county duty incident to its sovereignty.

ALLEN D. COLE and H. W. COLE, BYRON, COLE & BOWMAN for appellant.

A. H. BARKER for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

A demurrer was sustained to the appellant's petition, and he has appealed.

The appellant in his petition alleged that he is a deaf mute and that on June 23, 1921, he was employed by Pendleton county and by A. W. Galloway, its county superintendent, to shovel rock and assist in and about the operation of a rock crusher belonging to Pendleton

county, then being operated under the direction of its superintendent, Galloway; that he was inexperienced in the use and operation of said machine; that the appellees failed to give him any instruction; the machine was defective and unsafe; that its condition was known to the appellees but was not known to him; that certain galvanized pipe used to convey the rock crushed by the machine was defective and insecurely supported; that the condition of this pipe was known to appellees and unknown to the appellant; that the place where he was at work was thereby rendered unsafe and dangerous, and they knew it and he did not, and that they knew of his peril in time to have warned him, but failed to do so; that while he was so working, without knowledge of his peril, this galvanized pipe and the rock in it fell and broke his ribs, leg, twisted his back and inflicted permanent injuries upon him. He alleged that then Pendleton county was an employer of labor and had five or more employees regularly engaged in the same occupation as appellant and that the injuries he sustained were injuries arising out of and in the course of this employment. He asked for judgment for $15,000.00.

In Downing v. Mason County, 87 Ky. 208, 8 S. W. 264, 10 Ky. L. R. 105, 12 Am. St. Rep. 473, it was held that counties are subordinate political divisions of the state. They do not possess corporate powers under special charters, but exist by virtue of general laws of the state apportioning its territory into political divisions for the convenience of government. A county is but an arm or branch of the government, and is no more liable to be sued for injury or tort of its officers than the state. The common law gives no such right, and it therefore can exist only by statute.

Appellant insists that since the adoption of the Workmen's Compensation Act this common law rule no longer exists, and contends that by Ky. Stats., section 4881, this common law rule has been repealed, and that as the county is an employer of labor and is not one of those employers exempt from the application of the Workmen's Compensation Act by section 4880, it was liable to appellant for the injuries he sustained. He therefore says that by undertaking to build a turnpike the county had descended from its position of sovereignty and entered the field of commerce, and had thus subjected itself to the same laws that govern individuals engaged in like enterprises. We cannot agree with him.

The maintenance of the public roads of the county is one of the most important governmental functions with which the governing authorities of Pendleton county are charged. There is nothing that can bring to county officials greater public approval than the successful and satisfactory maintenance of the public roads, and certainly nothing has ever brought to a county official more public criticism than an unsuccessful management of the public highways. The maintenance of the public highways was not a matter which Pendleton county could lay aside. It had to maintain those highways. It did not descend from its sovereignty to engage in their maintenance, but that duty was thrust upon the county by the very fact of its sovereignty.

This court decided in Layman v. Beeler, 113 Ky. 221, 67 S. W. 995, 24 Rep. 174, that an action for tort doesn't lie against a county unless it is authorized expressly or by necessary implication of statute.

To the same effect is the case of Simons v. Gregory, 120 Ky. 116, 85 S. W. 751, 27 Rep. 509. It has often been said in England, "Laws are made for the subject, not for the sovereign." Applying the same principle here, we would say that laws are made for the citizen, not for the Commonwealth. The sovereignty of the state can never be limited, nor liability imposed upon it or any of its branches, except by its own consent, clearly expressed in a statute.

In view of the appellant's unfortunate condition—unable to hear and unable to speak—unusual effort has been made by his counsel to see if by any chance there was a way to enable him to recover for the added affliction resulting from this injury; but such a way cannot be found, for the county is a branch of the state. The state cannot be sued without its own consent, and the county cannot be sued without the consent of the state, expressly given.

Counties are different from cities and towns. The latter are corporations created by statute. They have authority to enact local laws, commonly called ordinances, whereas the county has no such authority. County officers derive all of their power from the state laws, and while there are some cases where counties have been held liable for acts of commission, we have been unable to find even one case where a county has been held liable for an omission.

In the case of Lewis & Clark Co. v. Industrial Accident Board, 52 Montana 6, 155 Pac. 268, L. R. A. (N. S.) 1916D 628, it was held that a county was liable under the Workmen's Compensation Act of that state for an injury received by a workman, yet an examination of the Workmen's Compensation Act of that state discloses that in three different sections of the act, counties are expressly included in the list of employers that are required to avail themselves of the provisions of that act.

It is insisted that Galloway, the superintendent of this work, was responsible. Galloway was only doing for the county what it was the county's duty to do as an incident to its sovereignty, hence, is not liable for the same reason that the county is not liable.

In Blue Grass Traction Co. v. Grover, 135 Ky. 685, 123 S. W. 264, 135 Am. St. Rep. 498, a traction company, being desirous of crossing a railroad by an overhead bridge, instead of at grade, entered into a contract with the county and the railroad company whereby it agreed to deflect somewhat the line of the turnpike road on which it was to run, and to build and maintain the bridge at its own expense. It was held that the traction company was simply undertaking the work of the county, and that as the county could not be held liable in damages for defects in the highway and bridge, neither could the traction company.

To the same effect are the decisions in the cases of Moss v. Rowlett, 112 Ky. 121, 65 S. W. 153, 23 Ky. L. Rep. 1411, and Schneider, by, etc. v. Cahill, 127 S. W. 143, 27 L. R. A. (N. S.) 1009.

The demurrer to the petition was properly sustained as to both of the appellees.

The judgment is affirmed.