HOLT COUNTY, APPELLANT, v. DANIEL J. CRONIN ET AL., APPELLEES.

FILED JUNE 22, 1907. No. 14,894.

County Treasurer: DEPOSIT OF FUNDS. In the absence of bad faith, a county treasurer is not liable for depositing county funds in a legal depository in excess of the depository bank's *pro rata* share of such funds, as provided by section 18, ch. 18, art. III, Comp. St. 1905, unless the amount of such deposit exceeds the sum which might lawfully be deposited under the provisions of section 20 of the same chapter.

APPEAL from the district court for Holt county: JAMES J. HARRINGTON, JUDGE. *Affirmed.*

*Arthur F. Mullen,* for appellant.

*J. A. Donohoe, contra.*

JACKSON, C.

The defendant Daniel J. Cronin was treasurer of the plaintiff county, and the defendant United States Fidelity & Guaranty Company surety on his official bond. The case is in this court on an appeal from the judgment of the district court sustaining a demurrer to plaintiff's petition and dismissing the action.

It appears from the petition that certain banks in Holt county had been properly designated as depositories of

the funds in the hands of the defendant treasurer and were qualified as such depositories. Among the banks so designated was the Elkhorn Valley Bank, with a paid up capital of $15,000. This bank failed, and at the time of the failure was the depository of $4,619.56. It is charged in the petition that the bank was insolvent, and would not pay to exceed 60 per cent. of its indebtedness. The theory upon which the petition was framed, and upon which the plaintiff seeks to recover against the treasurer and his bond, is that at the time the doors of the bank were closed the defendant treasurer had on deposit in that bank a sum in excess of the *pro rata* share of the funds of the county to which it was entitled, when its capital stock was considered in comparison with the capital stock of other banks which were legal depositories of the county funds. County depositories are created under the provisions of section 18, ch. 18, art. III, Comp. St. 1905. By this statute it is provided: "The county treasurer of each and every county of the state of Nebraska shall deposit, and at all times keep on deposit for safe keeping, in the state, national or private banks doing business in the county, and of approved and responsible standing, the amount of moneys in his hands collected and held by him as such county treasurer. Any such bank located in the county may apply for the privilege of keeping such moneys upon the following conditions: All such deposits shall be subject to payment when demanded by the county treasurer on his check, and by all banks receiving and holding such deposits, interest shall be paid amounting to not less than two (2) per cent. per annum upon the amount so deposited, as hereinafter provided, and subject also to such regulations as are imposed by law, and the rules adopted by the county treasurer for holding and receiving such deposits. It shall be the duty of the county board to act on such application or applications of any and all banks, state, national or private, as may ask for the privilege of becoming the depository of such moneys, as well as to approve the bonds of those selected incident

to such relation, and the county treasurer shall not deposit such money or any part thereof, in any bank or banks, other than such as may have been so selected by the county board for such purposes if any such bank or banks have been so selected by the county board, and on all deposits he may make in any bank whatsoever, interest shall be paid at a rate not less than two (2) per cent. per annum; and where more than one bank may have been so selected by the county board for such purpose, he shall not give a preference, to any one or more of them, in the money he may so deposit, but shall keep deposited with each of said banks, such a part of said moneys, as the capital stock of such bank is a part of the amount of all the capital stock of all the banks so selected, so that such moneys may at all times be deposited with said banks *pro rata,* as to their capital stock." It is also provided by section 20 of the same chapter that for the security of the funds so deposited the county treasurer shall require all depositories to give bonds for the safe-keeping and payment of such deposits and the accretions thereof, and that the treasurer shall not have on deposit in any bank at any one time more than one-half of its said bond, and the amount so on deposit at any one time with any such bank shall not exceed 50 per cent. of the paid up capital stock of such bank. The bond of the Elkhorn Valley Bank was for $15,000, and, except as controlled by the provisions of section 18 of the act in question, the treasurer might lawfully have deposited in that bank the sum of $7,500, a sum which it will be observed is in excess of the amount actually on deposit at the time the bank failed. The sum on deposit in the failed bank was $1,134.74 in excess of the *pro rata* share to which it was entitled under the provisions of section 18, so that the question is whether the defendant treasurer and the surety on his bond are liable, under the allegations of the petition, to the county for that excess.

The allegations of the petition with reference to this deposit are as follows: "That the defendant Daniel J.

Cronin unlawfully, and in violation of the depository laws of the state of Nebraska, and in violation of the conditions of his official bond as county treasurer of the county of Holt, had on deposit in said bank and as a deposit in said bank on the 23d day of November, 1904, the sum of $1,134.74 of the public moneys of the county of Holt, that being the difference between the amount of money on deposit in said bank on said day and the amount to which the said Elkhorn Valley Bank was entitled to have on deposit as the *pro rata* share of the public moneys of the county of Holt therein deposited in the various depositories of the county of Holt; that the depositing of any sum of money by Daniel J. Cronin as county treasurer of the county of Holt in any depository of the county of Holt to exceed the *pro rata* share of said bank was and is illegal and unlawful, and that the depositing of the sum of $1,134.74 in said Elkhorn Valley Bank, which amount was in excess of the legal *pro rata* share of said Elkhorn Valley Bank of the public moneys of the county of Holt then on deposit, was and is illegal and unlawful; that the having on deposit of said sum in the Elkhorn Valley Bank on the 23d day of November, 1904, was and is a breach of trust on the part of said defendant Daniel J. Cronin, and a violation of his duties as county treasurer of the county of Holt, and in violation of the conditions of his bond, and that the said Daniel J. Cronin and the defendant, The United States Fidelity & Guarantee Company, are liable for the said sum of $1,134.74; that the county of Holt will sustain a loss by reason of said illegal and unlawful act of said Daniel J. Cronin as county treasurer of the county of Holt in the sum of $1,134.74." We do not wish to be understood as holding that a county treasurer and the surety on his official bond might not, under some circumstances, be held liable for a violation of the provisions of section 18 of the statute under consideration with reference to the *pro rata* deposit of the county funds in his hands according to the capital stock of the depository banks, but we do not think that the

allegations of the petition in this case are sufficient to show such liability. It appears from the petition that the Elkhorn Valley Bank was located at O'Neill, and we will take judicial notice of the fact that that city is the county seat of Holt county. The aggregate of the funds on deposit in the several depositories of the county at the time that bank failed was $47,277.57. The disbursement of the funds by a county treasurer must usually necessarily be by checks drawn on county depositories, and for the convenience of the public such checks are ordinarily drawn on banks located at the county seat. The reasons for that course of business are obvious. The custom of banks in one town of charging exchange for cashing checks drawn on the banks of neighboring towns involves an expense to the holders of such checks which the county treasurer should avoid imposing upon the payees of the warrants on the funds in his hands, where it can be done by the ordinary and usual method of transacting business, nor would he be justified in drawing checks payable with exchange on banks located at other points than the county seat. This method of transacting the daily affairs of the office involves a larger volume of business with some banks than with others, and makes it impracticable to have on deposit in the county depositories over the county the exact amount to which each bank would be entitled as its *pro rata* share under the provisions of section 18.

In view of the large amount of funds in the hands of the defendant treasurer, and of the ordinary and usual method of transacting the business of the office, we do not think that the single fact of his having $1.134.74 on deposit in a depository at the county seat in excess of the *pro rata* share to which the bank was entitled is of itself sufficient to render him liable on his official bond. There is no charge of bad faith. The circumstance is one which might easily occur, and probably does arise, in the conduct of the affairs of the office of the county treasurer of every county in the state. To avoid an infraction of the letter of the provisions of section 18 would require the

issuance of a check for a fractional part of each warrant paid by county treasurers on each depository bank in the county, and a corresponding system of deposits, with a system of bookkeeping too elaborate and expensive to justify the interference of the courts in bringing it about. The law does not contemplate that the county treasurer should pursue that course.

The judgment of the district court was right, and we recommend that it be affirmed.

AMES and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.