CASE 5.—ACTION BY LOGAN COUNTY AGAINST C. HENRY HARRISON AND ANOTHER TO RECOVER CERTAIN MONEY ALLEGED TO BE DUE THE COUNTY.— May 13.

# Harrison v. Logan County

Appeal from Logan Circuit Court.

From the judgment defendants appeal and plaintiffs file a cross-appeal.—Reversed on original and affirmed on cross-appeal.

1. Counties—County Treasurer—Claims—Allowance—Payment.— Since under Ky. St. 1903, section 931, providing that the county treasurer shall receive all moneys due to the county, and shall hold the same subject to the order of the fiscal court, etc., the treasurer is a ministerial officer only, and as the custodian of the funds of the county must pay them out under

Harrison v. Logan County.

the orders of the fiscal court, a treasurer paying in good faith county money on orders of the fiscal court is not liable to the county on the grounds that the orders were void, and that the fiscal court was without authority to direct the payments, and if the county has paid out money through its treasurer to persons not entitled to it the remedy is against such persons.

2. Same—Warrant—Sufficiency.—A warrant issued by the clerk of the fiscal court, reciting, "It is ordered by the court that" a person named "be and he is hereby allowed" a specified sum, "payable out of levy 1905, for courthouse commr.," and signed by the clerk, is sufficient authority for the county treasurer to pay the sum to the person named; it not being the duty of the clerk to copy the whole of the order of the fiscal court.

3. Same.—Ky. St. 1903, section 4311, requires the overseers of roads to work the roads in the manner directed by the fiscal court. The fiscal court set apart a sum of money for road work, and placed it in the hands of the treasurer as the road and bridge fund. The clerk of the fiscal court was required to issue vouchers against the fund on the written certificate of the various overseers of the county as work was done. The method was followed except in few instances, where persons signing the certificate or order failed to add to his signature the word "overseer." Held that, as it would be presumed that the fiscal court would perform its duty to the county, the treasurer of the county paying orders of the clerk was protected, and was not responsible for such payments.

4. Same—Settlement with County Treasurer—Effect.—Under Ky. St. 1903, section 933, providing that all settlements made by the county treasurer shall be approved by the fiscal court in open court, and the settlement shall by order of the court be recorded, etc., the settlement made by the county treasurer and approved by the fiscal court is prima facie correct, and the county and the treasurer succeeding in office have the burden of showing mistakes therein.

5. Same—Payment of Claims — Irregular Orders — Effect.—The county treasurer, paying in good faith just claims against the county, will not be required to repay the sums to the county because the orders on which the payments were made were irregular.

BROWDER & BROWDER, S. R. CREWDSON and T. B. HARRISON, Jr., for appellants.

vol. 129—4

Harrison v. Logan County.

1. Under section 931, Kentucky Sttautes, the duties of the treasurer of Logan county are purely ministerial. He and his sureties are not liable for paying out the county funds on warrants drawn on him by the clerk of the fiscal court, upon the order of the fiscal court, even though the court, in appropriating the funds, acted without its authority.

2. Even if this be not the law, the warrants paid by the treasurer in this case and the other disbursements made by him, were expenditures authorized by law.

R. W. DAVIS, County Atty. and JOHN S. RHEA of counsel.

Our contention is that appellant Harrison was bound in the case of each claim charged against him for four reasons:

1. Because the fiscal court in no one of said cases had jurisdiction to make the appropriation.

2. That the claims were none of them legal demands against Logan county and in no case was the process fair on its face so that it devolved upon the treasurer to know the facts and to ascertain the invalidity of the claim.

3. For the reason that the treasurer had actual notice aliunde that the claims were invalid.

4. For the reason that appellant Harrison has failed to make good his plea of payment.

## CITATIONS.

Erskin v. Hornbach, 14 Wall. (U. S.) 613, 81 U. S., 745; Haffin v. Mason, 15 Wall., (U. S.) 671, 82 U. S., 196; Harding v. Woodcock, 137 (U. S.) 580; Stutsman County v. Wallace, 142 U. S., 1018; Ringos    v.Ward, 2 B. Mon., 127; Percefull v. Commonwealth, 3 B. Mon., 347; Kleissendorff v. Fore, 3 B. Mon., 471;
        SELDEN Y. TRIMBLE for appellees.
Rodman v. Harcourt, 4 B. Mon., 224; Hunt, etc. v| Ballew, 9 B. Mon., 390; Pepper v. Mayes, 81 Ky., 673; Los Angeles County. v. Lankersheim, 100 Ca .,525, 35 Pac. Rep., 153; Friedman v. Horning, County Treasurer, 128 Mich. 606, 87 N. W., 752; Hendricks v. Johnson, 45 Miss., 644; Jefferson County v. Waters, 23 Ky. Law Rep., 669; Boone County v. Dills, 5 Ky. Law Rep., 686, (see also Ms. opinion); Boyd County v. Arthur, 118 Ky., 932; Daviess County v. Goodwin, 25 Ky. Law Rep., 1031; Pulaski County v. Sears, 117 Ky., 249; Vaughn v. Hulett, 27 Ky. Law Rep., 35; Com. v. Lane, 31 Ky. Law Rep., 311; Kentucky Statutes, 929, 931, 1726, 1733, 1840, 1844, 1845, 3925, 4309, 4311, 4312, 4320,

4332, 4339, 4345, 4346, 1833, 1834, 1840, 4306, Constitution section
180; Breckinridge County v. Rhodes, 105 S. W., 903; Bruner v.
Town of Salnton, 19 Ky. Law Rep., 1514; Jefferson County v.
Peter, 105 S. W., 887.

### CITATION OF AUTHORITIES.

Erskin v. Hornbach, 14 Wall., (U. S.) 613; Piercefull v. Comlth.,
3 B. Mon., 347; Pepper v. Mayes, 81 Ky., 673; Morgantown Bank
v. Johnson, 22 Ky. Law Rep., 211; Daviess Co. v. Goodwin, 25
Ky. Law Rep., 1081; Pulaski County v. Sears, 117 Ky. 249, Vaughn
v. Hulett, 27 Ky. Law Rep., 35; Boyd County v. Arthur, 118 Ky.,
932; Mitchell, etc. v. Henry County, 30 Ky. Law Rep., 1051;
Boone County v. Dills, 5 Ky. Law Rep., 686, 135; Scoville v.
Baugh, 27 Ky. Law Rep., 319; Fidelity & Deposit Co. and M. A.
Neely v. Logan County, 27 Ky. Law Rep., 66; Kentucky Statutes,
931, 1844, 4311, 4312, 4315, 4338, 3948, 3949, 1840.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

In the month of April, 1905, the fiscal court of
Logan county elected appellant C. Henry Harrison
to the position of county treasurer. He qualified as
such, and executed bond with the United States Fidelity & Guaranty Company of Baltimore as surety.
Harrison held the office for 11 months, settled his
accounts in full with a committee appointed by the
fiscal court, and resigned his office on March 8, 1906.
This settlement was reported to the fiscal court by
the committee, and it was approved and ordered to
be recorded by that court in the month of April, 1906.
In May, 1906, appellees Logan county and John W.
Milliken, its then treasurer, brought this action
against appellants, seeking a judgment against them
for $5,095.06. It was alleged in the petition that during Harrison term of office there was paid to him from
various sources different sums of public money,
amounting in the aggregate to $58,934.29, and that
during his term of office he only paid out the sum of

$42,612.97, and in addition to that sum he paid over to his successor, John W. Milliken, $11,226.26, thereby leaving in the hands of Harrison, the former treasurer, $5,095.06, for which appellees prayed judgment. After the case progressed for a time it was ascertained that appellees sought to surcharge the settlement made by Harrison, and to show that about 30 of the vouchers filed with the settlement showed improper disbursements of some of the county's funds, and that appellant Harrison should not have been credited with these sums. The court on the trial of the case sustained appellees' contention to the extent of 19 of the vouchers, and rendered judgment against him and his surety for the amount of them, which is about $3,200, but decided in favor of appellants as to the other 11 vouchers. From this judgment, Harrison and his surety appealed, and appellees filed a cross-appeal.

Counsel for each party have filed able and exhaustive briefs, but after considering them and the record in the case we deem it unnecessary to consider and discuss all the points presented. Section 931, Ky. Stats., 1903, is, in part, as follows: "It shall be the duty of said treasurer to receive and receipt for all moneys due, or to become due, to said county from the several collecting officers thereof, or from any other person or persons whose duty it is to pay money into the county treasury; all moneys so received by him to be held subject to the order of the fiscal court of the county." Thus it will be seen that the treasurer is purely a ministerial officer, and is the custodian of the funds belonging to the county, and must pay them out under the orders of the fiscal court. It is not charged that Harrison paid out this money without orders of the fiscal court, but the claim is that he paid

it out, as directed by that court, on orders which the court had no right to make. The majority of the claims which the lower court charged appellants with having wrongfully paid were claims allowed the county judge and the several justices of the peace for their services as courthouse commissioners, county farm commissioners, road and bridge commissioners, and payments made to persons for work on the roads of the county. It appears that the fiscal court appointed the county judge and three or four of the justices as commissioners to superintend the building of the county courthouse, and the fiscal court allowed each of them pay for their services, and the same rule was adopted with reference to the management of the county farm for the poor. Several of the justices were also appointed as commissioners to look after and manage the work on the roads in their respective districts. The fiscal court made allowances to each of them for their services, and the county clerk issued what is called a "warrant" upon the treasurer, with which he complied, for the payment of these allowances. It is claimed that these orders were void, the fiscal court having no right to pay these persons for such services, and therefore the treasurer should not have been credited therewith in his settlement, and they cite many cases which they claim support their view of the matter.

The first of these cases is Morgantown Deposit Bank v. Johnson, 108 Ky. 507, 56 S. W. 825, 22 Ky. Law Rep. 210. The matter in litigation in that case was a claim allowed the county court clerk for recording a school census report. The clerk assigned his claim to the bank, and it instituted an action against the sheriff and the county for the recovery of the amount of the claim. The lower court refused the

bank a judgment for the claim, and this court affirmed it upon the ground that the fiscal court had no jurisdiction to appropriate county funds, except as it is authorized by law to do, and there was no provision in the statutes which authorized it to pay the county clerk for his services in recording the list of children's names filed in his office by the trustees of the school. The second case is Daviess County, etc., v. Goodwin, 116 Ky. 891, 77 S. W. 185, 25 Ky. Law Rep. 1081. In that case the fiscal court appointed the county judge as supervisor of the public roads and bridges of the county, and fixed his salary as supervisor at $900 per year, and his salary as judge of the county at $1,000 per year. Appellee, William Goodwin, a citizen and taxpayer of the county, filed that suit to enjoin the treasurer from paying Haskins, the county judge, the $900 per year as supervisor. The circuit court granted the relief prayed for, and the county judge appealed. This court affirmed the judgment upon the ground that, as the statutes then stood, the county judge could not be made supervisor of the roads, and that he had no right to receive a salary from the county other than the one fixed for him as county judge.

The third case is Pulaski County v. Sears, 117 Ky. 249, 78 S. W. 123, 25 Ky. Law Rep. 1381. In that case the fiscal court of Pulaski county appointed a justice of the peace in each magisterial district with the power to assist the county judge in keeping the roads in repair in that county in their respective districts, and were subsequently allowed, by an order of the fiscal court, a sum in payment for their services, and the county refused to settle. Sears, one of the magistrates, brought the action to recover the money allowed him. The lower court sustained his claim, but upon appeal to this court the judgment was

reversed upon the ground that the fiscal court had no power to appoint the magistrates to that position or make themselves allowances for their services.

The fourth case is Vaughn v. Hulett, 119 Ky. 380, 84 S. W. 309, 27 Ky. Law Rep. 35. In that case the fiscal court allowed the overseers of the roads in the county a salary not exceeding $50 per annum. This court decided that the fiscal court was without power to make such an allowance, as the statute fixed the compensation for overseers, and the fiscal court had no right to change the statutes in this manner. The action was brought by a taxpayer.

The fifth case in Boyd Co. v. Arthur, etc., 118 Ky. 932, 82 S. W. 613, 26 Ky. L. R. 906. In that case the fiscal court made appropriations to work the roads in each of the magisterial districts, and then appointed the justices of the peace to work in their respective districts in constructing and maintaining the county roads, and allowed each of them $3 a day. The county judge ordered an appeal from the order, and appointed an attorney to take and prosecute the appeal. This court decided that the order was improperly made; that the fiscal court had no right to appoint the members thereof to the position named, and they had no right to hold dual positions, and could only receive as pay or fees such compensation as was allowed by law to justices of the peace.

The sixth case is Mitchell v. Henry Co., 124 Ky. 833, 100 S. W. 220, 30 Ky. L. R. 1051. In that case the fiscal court made an annual allowance to the jailer of the county in lieu of all fees allowed him by statute. This court decided that the order was void because the fiscal court had no power to change the statute and make an allowance not authorized by it.

These cases have no direct application to the one

under consideration. In all of them the parties in interest were owners of claims, improperly allowed, endeavoring to collect them, or by the county or some taxpayer therein who sought to prevent the payment of claims improperly allowed. In the case at bar the action was brought by Logan county and its treasurer against its former treasurer and his surety to compel them to pay to it claims which it improperly allowed and directed him to pay, with which orders he complied. In our opinion it would be unjust to require him to refund this money to the county. He held the money as the statute provides, subject to the orders of the fiscal court. He was not a member of that court. He was not the legal adviser, in any sense, of the county, nor did he have any supervisory power whatever over the fiscal court. He was merely a ministerial officer or agent of the county. He was subject to be removed at any time by the fiscal court for failure to obey its orders. We know of no principle of law that will make an agent liable to his principal for money paid out in accordance to the orders and directions of the principal, even though it turns out that the principal afterwards discovers that the money was paid to a person not entitled to it. Such is the case at bar. If it had been charged and shown in evidence that Harrison had been in collusion with any person or persons who obtained improper allowances against the county and realized some benefit to himself thereby, the case would be different. But it is shown in the record that appellant conducted his office with fidelity. There is not an intimation that his conduct was otherwise. If the county has paid out money through its treasurer to persons not entitled to it, its remedy is against those persons to whom it

was paid, and not against its agent, whom it directed to pay the money out.

It is also claimed that the warrants issued by the clerk and the orders of the overseers upon the treasurer were without authority of law. The form of the warrant issued by the clerk is as follows: "No. 346. State of Kentucky, Fiscal Court of Logan County. October Term, 1904. It is ordered by the court that J. W. Clark be and he is hereby allowed the sum of five hundred dollars, payable out of levy 1905, for courthouse commr. Attest: M. B. Morton, Clerk F. C. L. C." Appellees' counsel claim that there is no law authorizing the clerk to issue such a warrant; that his duty was to copy the' whole of the order of the fiscal court. The statute is silent as to the duty of the clerk in this regard. We know that this manner of issuing warrants has been in vogue by the county clerks of the State for a great many years. An order of the fiscal court in allowing claims against the county often covers several pages of an order book. The form, however, is about as follows: It is ordered by the fiscal court, naming the county, that the following claims be and they are hereby allowed, and then continues, giving the names of the persons and the amounts allowed each of them, and a short statement of the services rendered for which the money was appropriated. It would be unnecessary and a great hardship to require the clerk to copy for each person named in the order the whole of it. In our opinion it was no violation of the law for the clerk to issue the warrant referred to.

Appellees also contend that the orders with reference to payments made for labor on the roads were made without authority of law. By section 4311, Ky. Stats., 1903, the overseers of roads are required to

work them in the manner directed by the fiscal court. The statute does not give the details as to how the fiscal court should conduct this duty. Therefore the court could exercise its discretion with reference thereto. It is presumed that it will comply with its duty and devote its best efforts to the interest to the county. In this case the court had adopted in substance the following method: It set apart a sum of money for that purpose, and placed it in the hands of the treasurer and called it the road and bridge fund; and it was ordered that, so long as the roads of Logan county were worked by taxation, the money should be spent in various road districts of the county under the supervision of the road overseers. And it was further ordered that the clerk of the fiscal court should issue vouchers against the road fund in the hands of the treasurer of the county, and to be issued upon the written certificate of the various overseers of the county as work was done, the same to be approved by the county judge. This method was followed, except in a few instances where the persons signing the certificate or order failed to add to his signature the word "overseer." This error should not have the effect to make the treasurer responsible for the payment of them. He had the right to presume that it was the overseer of the road who signed the order, and furthermore they were attested by the clerk and approved by the judge of the county, and the presumption is that the county judge knew who the overseers of the county were. What we have said with reference to the claims charged to appellant by the judgment of the lower court will also apply to the claims which the treasurer paid and with which the lower court refused to charge him, and which are involved on the cross-appeal.

Appellees' counsel also claims that there was no evidence introduced showing that appellant Harrison had paid these claims. It appears that the case was prepared in the lower court upon the idea that there was no contest with reference to the fact that he had actually paid the claims on the orders referred to. As stated, appellant made a settlement with the committee appointed by the fiscal court in the month of March, 1906, which was a final settlement, and under section 933, Ky. Stats., 1903, this settlement was approved by the fiscal court and ordered to be recorded by the county clerk. This settlement so made and approved made out for appellants a prima facie case, and the burden was on appellees to show mistakes therein. Green County v. Howard, 127 Ky. 379, 105 S. W. 897, 32 Ky. Law Rep. 243.

Appellant Harrison paid some small claims, amounting in all to about $100, upon orders which were irregular; but it appears they were proper and just claims against the county. Appellant Harrison should not be required to pay these claims, for they were just claims against the county, and there is no doubt about his good faith in the payment of them. This principle was expressly enunciated in the case of Sweeney v. Commonwealth, 118 Ky. 912, 82 S. W. 639, 26 Ky. Law Rep. 877.

For these reasons the judgment of the lower court is affirmed on the cross-appeal, and reversed on the original appeal, and remanded for further proceedings consistent herewith.

Petition for rehearing by appellee overruled.