# Edwards et al. v. Logan County.

(Decided March 1, 1932.)

(As Modified on Denial of Rehearing June 14, 1932.)

WM. MARSHALL BULLITT, LEO WOLFORD. BRUCE & BULLITT, E. J. FELTS and L. S. BLICKENSTAFF for appellants.

COLEMAN TAYLOR and S. Y. TRIMBLE for appellee.

OPINION OF THE COURT BY STANLEY. COMMISSIONER— Reversing.

The case involves the liability of the appellants, J. H. Edwards and the Fidelity & Deposit Company of Maryland, surety on his bond as treasurer of Logan county, for loss of county funds sustained by the closing of the Bank of Russellville in June, 1930. The amount on deposit was $61,489.98, for which sum judgment was rendered against the principal and $40,000 against the surety; that being the amount of its suretyship. The judgments, however, were to be credited by any sums collected in the liquidation of the bank.

The suit is planted upon pleas of absolute liability as well as upon negligence on the part of the treasurer in having failed to protect the county by withdrawing the funds because of insolvency, anticipated or actual. The defense consisted of a traverse and affirmative pleas resting in part upon the ground that the fiscal court of Logan county had designated the Bank of Russellville as a depository of county funds and thereby relieved the treasurer of the responsibility for loss sustained through its insolvency. The trial court was of the opinion that the treasurer and his surety were liable in all events and that the designation of the bank as a depository was ineffectual because ultra vires.

There are two schools of thought, as expressed in the opinions, concerning the liability of a fiscal public officer. One line of cases holds the officer to be a debtor or guarantor, with absolute liability, regardless of the cause of the loss. The other line holds him to be a special bailee or trustee with a more rigorous responsibility than an ordinary bailee, but with his liability limited to loss through negligence, misjudgment, imprudence, or wrongdoing. 22 R. C. L., 468. Breckinridge County v. Ganna-

way, 243 Ky. 49, 47 S. W. (2d) 934. The parties to this appeal have argued the merits of the divergent doctrines, and each maintains that the few analogous cases which have come before this court aligns us with the respective adjudications. The facts of this case do not seem to require the determination of that issue under the conclusions we have reached.

When Edwards became treasurer on January 28, 1930, there was transferred to him by his predecessor $89,460.68, then on deposit in the Bank of Russellville, which four years before had been designated as a depository of the county. On that day, by order of the fiscal court, the Bank of Russellville and the Southern Deposit Bank of Russellville were

> "designated as depositories of the county funds of Logan County, by J. H. Edwards, treasurer of Logan County."

In determining the validity and effect of this order, we find sufficient authority in our own statutes and decisions. The opinions of other courts are generally rested upon different statutes and are not altogether apposite. It is argued in behalf of the appellee that the action of the fiscal court is legislative in character and that power to legislate is not within the powers or authority expressly granted fiscal courts by the General Assembly. It seems clear to us that the action is to be regarded merely as providing a means of holding and controlling the funds of the county and within the authority vested in the fiscal court.

A county is a subordinate political subdivision of the state and a part of the sovereignty itself, existing and operating under the general laws of the commonwealth, and deriving all its powers of functioning through express legislative enactments, as contradistinguished from a city, with a charter. Downing v. Mason County, 87 Ky. 208, 8 S. W. 264, 10 Ky. Law Rep. 105, 12 Am. St. Rep. 473; Forsythe v. Pendleton County, 205 Ky. 770, 266 S. W. 639. The fiscal court of the county is created by section 144 of the Constitution and is established, empowered and controlled by chapter 52 (section 1833 et seq.) of the Statutes. Gross v. Fiscal Court of Jefferson County, 225 Ky. 641, 9 S. W. (2d) 1006. The management of the business and financial affairs of the county is lodged in that body, and its duties and powers

have been granted and defined in several statutes. Section 1840 enumerates a number of express powers, including the grant of jurisdiction "to regulate and control the fiscal affairs and property of the county." Explicit powers necessarily include implicit powers reasonably incidental and indispensable to their proper exercise and to accomplish the purpose of the creation and existence of the body to whom granted and the object to be attained or achieved. Estill County v. Wallace, 219 Ky. 174, 292 S. W. 816; Bell County Board of Education v. Lee, 239 Ky. 317, 39 S. W. (2d) 492. The consequential powers of the fiscal court have been recognized along many lines of activity in numerous decisions of this court. It is said in Pulaski County v. Richardson, 225 Ky. 556, 9 S. W. (2d) 523, the fiscal court has been by statute given almost unlimited control of the fiscal affairs of a county. Few, if any, of the acts reviewed by this court are closer to being within the express terms of the authority of that agency than the one under consideration; especially when the statutes relating to the county treasurer are read with chapter 52 of the Statutes.

Those statutes are section 928 et seq. Section 938 vests in the fiscal court the discretionary power to appoint a county treasurer. Barnett v. Gilbert, 164 Ky. 564, 175 S. W. 1029. If it does not choose to do so, we do not suppose any one would doubt the power of the court to have the funds of the county deposited in a bank. That power is not abrogated or denied when it elects to exercise the discretion given it and appoints a treasurer through whom it will handle the funds. On the contrary, it is expressly provided in section 931 that money received by the treasurer shall "be held subject to the order of the fiscal court of the county." The order of the fiscal court under consideration could have no other effect than to direct that the funds of the county held by J. H. Edwards, treasurer, be deposited in the designated banks.

The opinion of Stephens v. City of Ludlow, 159 Ky. 729, 169 S. W. 473, 474, is decisive. The city treasurer denied the power of the city to choose a depository and require him to keep the funds in his custody in it. His arguments were that, as he was responsible under his bond for the security of the funds, he had the right to select his depository, and that the council had no power to interfere with or control his actions or to direct in

what bank the funds should be placed in the absence of express legislative authority. Section 3555 of the Statutes, a part of the charter of that city, contains the following:

> "It shall be the duty of the treasurer to receive and safely keep all money belonging to the city, and to pay the same as directed by order of the board of council."

It is further provided that he shall

> "perform such other duties as may be required of him by ordinance not inconsistent with this act."

It is to be observed that there is lacking from this the provision as to the county treasurer holding the funds under order of the fiscal court. Noting that the statute does not in terms grant either the council or treasurer the right to select a depository, it was held that it was not necessary that the law should so explicitly empower the council, as it had that power in the exercise of a legitimate authority conferred by its charter.

The fiscal court of Logan county derived its authority, not from any power to legislate, but under the powers granted by the statutes, to which we have referred, to order the treasurer where to place its funds held by him. It follows that the order of the fiscal court in designating the depositories was and is valid.

A county treasurer is a ministerial officer or agent with his powers and duties minutely delineated in section 931 of the Statutes. If an official act or conduct be not prescribed by the statute, it is subject to the will and order of the fiscal court. Whatever discretion he may have in discharging the duties of office, it is subordinate to the exercise of the discretion of that body. Where it has not specifically exercised its discretionary control, the treasurer within the scope of his powers may use his own judgment with accompanying responsibility. So, with respect to keeping the funds of the county, in the absence of specific orders he may, as a necessary corollary to his duty as custodian, choose the depository. The fiscal court is the master; the treasurer, the servant. When it speaks authoritatively, he must obey; and, when he does, he is protected. Authority for these statements and conclusions may be found in Harrison v. Logan County, 129 Ky. 48, 110 S. W. 377, 33 Ky. Law Rep. 465;

Cain v. Burroughs Adding Machine Co., 180 Ky. 567, 203 S. W. 315; Stephens v. City of Ludlow, 159 Ky. 729, 169 S. W. 473; Pulaski County v. Richardson, 225 Ky. 556, 9 S. W. (2d) 523. Compare Johnson v. Fleming, Commissioner, 116 Ky. 680, 50 S. W. 855, 21 Ky. Law Rep. 4. Therefore, when the fiscal court of Logan county directed its treasurer to deposit its funds in the Bank of Russellville, and he obeyed, the fiscal court assumed responsibility for the integrity and solvency of the institution and exonerated him from loss of funds if suffered solely on that account. Commonwealth v. Godshaw, 92 Ky. 435, 17 S. W. 737, 13 Ky. Law Rep. 572; Stephens v. City of Ludlow, supra. Among foreign cases to the same effect are Perley v. County of Muskegon, 32 Mich. 131, 20 Am. Rep. 637; City of Newburgh v. Dickey, 164 App. Div. 791, 150 N. Y. S. 175; State v. Bobleter, 83 Minn. 479, 86 N. W. 461: Holt County v. Cronin 79 Neb. 424, 112 N. W. 561. See also, 46 C. J. 1040: Stearns on Suretyship, sec. 166.

Pursuant to the provisions of section 929 of the Statutes, the appellant Edwards submitted a proposition to serve as treasurer for a salary of $40 a month and the payment of the premium on his official bond. Also:

> "He further agrees that in the event of his election he will cause to be paid to Logan County the sum of $1\frac{1}{2}\%$ interest on all moneys coming into his hands on the daily cash balance due the County and which is to his credit in bank as Treasurer during his term of office."

The bid was accepted January 6, 1930, but Edwards did not execute bond until the 28th, on which day the order designating the depositories was entered. It is argued that Edwards did not consent to the making of that order and that the fiscal court was therefore without authority to modify the contract it had theretofore made with him. The argument cannot be sustained: First, for the reason that the contract was made in contemplation of all existing statutes affecting the relationship, including section 931, providing that all money received by the treasurer should "be held subject to the order of the fiscal court." The statute entered into and was a part of the contract. Board of Education for Jefferson County v. Littrell, 173 Ky. 78, 190 S. W. 465; Dalzell v. Bourbon County Board of Education, 193 Ky. 171, 235

S. W. 360; Horn v. Atlas Assurance Society, 241 Ky. 226, 43 S. W. (2d) 675. Secondly, the terms of the offer were not that Edwards should pay the stipulated interest, but that he would cause it to be paid on daily bank balances. The relation was not that of a lender and borrower or creditor and debtor, else defaulting county treasurers would not be amenable to the criminal laws such as those covering embezzlement.

Another point submitted is that in any event the county is entitled to judgment for $25,000 which the fiscal court had authorized to be loaned to the Bank of Russellville for one year at 2 per cent interest and which the treasurer reported had been done. It seems that as a matter of fact this money never actually came into the hands of Edwards, as $40,000 had been loaned to the bank before his election as treasurer and this was but a renewal in part of that loan. But it must be considered that it constructively came into his hands. The liability of the treasurer is rested upon the ground that he was negligent in failing to take security from the bank for the loan, as section 4308 of the Statutes provided that the balance in the sinking fund for road bonds should be loaned on first mortgage real estate security. If the fiscal court did not invest the money as required by the statute, it ought not now to say that it was its ministerial officer, the treasurer, who did wrong. He was but obeying the order of that court, which did not require him to obtain security for the loan.

However, it is to be noted that the fiscal court by its order designated two banks as depositories. The distribution of the deposits between them was left to the treasurer's reasonable discretion. It is in evidence that the other bank was at all times a sound institution, and it does not appear what, if any, portion of the county funds was deposited there. The attempted plea of negligence on the part of the treasurer, and its traverse, to which we have adverted, was eliminated under the conclusion of the trial court that the officer was bound in any event, and facts of the issue were not developed; the case being submitted over the defendant's objection on the day the issues were completed. That matter now becomes alive and should be determined. The parties may desire to amend their pleadings and submit further evidence on the point.

303

A consideration of other questions raised on the appeal is reserved.

Judgment reversed, and case remanded for proceedings consistent with this opinion.

Whole court sitting, except PERRY, J.